**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Carlos Manuel CASTILLO–SUAREZ, Defendant–Appellant.**

**No. 05–41242**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 2007.

---

James Lee Turner, Assistant U.S. Attorney, Tony Ray Roberts, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant

Federal Public Defender, Michael L. Herman, Sarah Beth Landau, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM: *

Carlos Manuel Castillo–Suarez (Castillo) appeals his conviction and sentence for illegal reentry. He argues that (1) his Massachusetts conviction for indecent assault and battery of a minor was not a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2004) and (2) the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■■■ We hold that Castillo's violation of Mass. Gen. Laws ch. 265, § 13B constitutes "sexual abuse of a minor," as that term is commonly understood, for purposes of the "crime of violence" sentencing enhancement. *See* § 2L1.2, comment. (n.1(B)(iii)); *United States v. Izaguirre–Flores,* 405 F.3d 270, 275 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 253, 163 L.Ed.2d 231 (2005). We further hold that the waiver provision contained in Castillo's plea agreement is construed against the Government as the drafter. *See United States v. Somner,* 127 F.3d 405, 408 (5th Cir.1997). Because Castillo's plea agreement does not specifically waive the right to attack the constitutionality of § 1326(b), we conclude that the waiver provision does not preclude this appeal. *See id.* Because Castillo would be entitled to a lesser sentence if his constitutional challenge were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

successful, he has standing. *See Henderson v. Stalder*, 287 F.3d 374, 380 (5th Cir.2002).

Nevertheless, Castillo's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Castillo contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Castillo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.